

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Li v. Atty Gen USA" (2008). *2008 Decisions.* Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5108
_____

FENG LI,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from
the Board of Immigration Appeals
BIA No: A78-045-531
Immigration Judge: Miriam K. Mills

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 22, 2008

Before: McKEE, FUENTES, and JORDAN, Circuit Judges.

Opinion Filed: August 12, 2008

_____

OPINION OF THE COURT
_____

1

FUENTES, Circuit Judge.

Feng Li, a native and citizen of China, was smuggled into the United States in July of 2000, in a van across the border from Mexico to Arizona. She was taken into custody and issued with a notice to appear. Subsequently, Li applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She bases her claim for relief on persecution that she claims she experienced in China: being forced to submit to an involuntary abortion and being threatened with the implantation of an involuntary IUD. In support of her petition, she submitted, among other things, an official abortion certificate. Once in the United States, she claims that she got pregnant and had a child, whom she sent back to live in China. For the reasons that follow, the petition will be denied.

The IJ originally denied her claim, finding her to be not credible because her testimony was "weak" and indicating, among other things, that she did not provide any medical evidence that she was pregnant, though she appeared to be so at her hearing. (App. 227.) The IJ also referred to Li as a single woman.

On appeal, the BIA remanded the case, finding that the IJ did not sufficiently articulate its reasons for its adverse credibility finding, and failed to analyze "the consistency (or lack thereof) of [Li's] testimony as compared to her written application." (App. 208.) Specifically, the BIA was troubled that the IJ did not explain why it found there was no evidence that she was married, especially given that the IJ interrupted her testimony at the hearing that she was married in a traditional ceremony that was not

2

registered with the civil authorities in China. In addition, the BIA criticized the IJ for determining that Li's credibility was negatively affected because she did not submit evidence that she was pregnant at the time of the hearing. The BIA expressed confusion about why Li needed to show additional proof, given that the IJ noted that she appeared to be pregnant, and noted that her pregnancy did not seem to be related to her claim for relief.

On remand, the IJ made another adverse credibility finding and again denied Li's claim. The IJ found that Li failed to have her abortion certificate authenticated, and failed to provide any explanation of why no attempt was made to authenticate the document. The IJ noted that the abortion certificate was cast into doubt by the State Department's Profile of Asylum Claims and Country Conditions Report for China from 1998 and 2004 ("Country Reports"), which confirms the existence of widespread document fabrication in China and indicates that the United States is unaware of abortion certificates being issued for involuntary abortions. The IJ also found that Li failed to prove that she gave birth to a daughter in the United States. Accordingly, the IJ found that Li had failed to provide a credible claim upon which relief could be granted.

Upon her second appeal to the BIA, the BIA affirmed the decision of the IJ, finding that the record provided a basis to question the official abortion certificate and birth of Li's child.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). Li's removal

3

proceedings occurred in Philadelphia, Pennsylvania so venue is proper in the Third Circuit under 8 U.S.C. § 1252(b)(2).

Where, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, not the IJ's, decision. Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). The BIA is bound by the IJ's factual determinations "including findings as to the credibility of testimony" and reviews these findings only to determine whether they are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). "The BIA's conclusions regarding evidence of past persecution and the well-founded fear of persecution are findings of fact," which we review under the deferential substantial evidence standard. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Under the deferential substantial evidence standard, the BIA's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001) (citation omitted).

On appeal before us, Li asserts that the "birth of Li's child is irrelevant to Li's asylum claim." (Pet'r Br. 9.) We agree. The basis for Li's claim for relief is that she suffered past persecution in China, and any pregnancy in the United States has no bearing on that claim.[1] However, Li cannot prevail on her claim based on past persecution. As noted by the IJ, Li failed, despite being represented by counsel, to get her official abortion certificate authenticated, and, this document is further cast into doubt because the Country

---

[1] To the extent that Li is seeking relief based on a fear of future persecution because of the birth of a child in the United States, she has not adequately supported that claim.

4

Reports explain that the U.S. Embassy and Consulates General are not aware of abortion certificates being issued for involuntary abortions. Accordingly, we conclude that the BIA's decision is supported by substantial evidence, and, we will deny the petition.